WALTER H. LARSEN *et ux. vs.* THE SHELBY MUTUAL INSURANCE COMPANY *et al.*

MARCH 12, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

428

CONDON, C. J. This is a petition for a declaratory judgment as to whether the petitioners were entitled to coverage under an automobile liability insurance policy issued by the respondent The Shelby Mutual Insurance Company and two other such policies issued by Pennsylvania General Insurance Company. The cause is here on Shelby's appeal from a decree of the superior court holding that on the facts alleged in the petition and proved at the trial the petitioner Walter H. Larsen was covered by its policy but not by Pennsylvania's policies.

The facts which gave rise to the controversy over the construction of the policies are as follows. On January 10 and 17, 1961 petitioners' minor son Walter J. Larsen was involved in highway accidents while operating a Dodge automobile registered to his grandfather Louis W. Larsen and insured by Shelby. As a result suits were brought against

petitioners who were insured by Pennsylvania on two cars owned by them but not involved in the accidents.

Louis W. Larsen died on December 18, 1960 intestate. Prior to his death the Dodge was garaged on the premises of petitioner Walter H. Larsen at No. 29 Hayes street, Apponaug, Rhode Island. After his death and at the time of the accidents the car was continuously garaged there and petitioner claimed that it had been left in his possession. During his lifetime Louis had given his grandson, Walter J. Larsen, permission to use it and thereafter he received such permission from his father. The respondent Shelby sought to show that the grandfather had actually made a gift of the Dodge to his grandson and that although it was garaged on petitioner Walter H. Larsen's premises it was never in his legal possession. On this point there was a conflict in the evidence which the trial justice resolved in favor of petitioner. He expressly found that there had been no gift either inter vivos or causa mortis and that at the time of the accidents the car was in the temporary possession of petitioner who had given his son permission to operate it.

The Pennsylvania policies issued to petitioners provided among other things coverage to the insured in the use of any non-owned automobile, but defined it as an automobile not owned by or furnished for the regular use of the named insured or any relative. Since the trial justice found as a fact that the non-owned Dodge was being furnished by petitioner Walter H. Larsen for the regular use of his son, he held that it was not covered by the terms of the Pennsylvania policies and therefore that insurer was not obligated to defend petitioners in the suits brought against them on account of the highway accidents involving the Dodge car.

The Shelby policy was issued to Louis W. Larsen, the registered owner of the Dodge car. If the insured had actually divested himself of such ownership before his death

by a completed valid gift to his grandson, then the policy did not cover the car at the time of either accident. However, if there had been no divestiture of ownership then the policy remained in full force and effect for the benefit of the deceased's representative in temporary possession of the car. Since the trial justice expressly found that petitioner Walter H. Larsen had such possession he held that Shelby was obligated to defend petitioner in the actions at law pending against him on account of the accidents. The petitioner Rita L. Larsen was held not to be covered and therefore she is not involved in the instant appeal.

If the trial justice was correct in his findings of fact, there can be no question but that the terms of the policy obligate Shelby to defend petitioner. Its principal reason of appeal is that such findings are contrary to the evidence and the weight thereof. All of its other reasons are but different facets of that one. In passing upon such reason we are bound by our well-established rule that the findings of fact by a trial justice in a suit in equity are entitled to great weight and will not be disturbed by this court unless they are clearly wrong. *McDonough* v. *McDonough*, 88 R. I. 243; *Walther* v. *McOsker*, 87 R. I. 386.

In the instant case the evidence upon which the findings of fact were predicated was conflicting and involved to a large extent the credibility of the witnesses. We perceive no need for recounting such evidence here. It is sufficient to say that from our perusal of the transcript we are of the opinion that the trial justice was not clearly wrong in making the findings upon which he predicated his decision that there was no valid gift of the Dodge to Walter J. Larsen. That was the fundamental if not the sole issue before him.

We gather from the transcript, there being no pleading by Shelby, that the theory of its defense in the superior court was that Louis W. Larsen had in his lifetime divested

himself of the ownership of the Dodge car by a valid gift thereof to his grandson. At the trial, although some questions were asked with reference thereto, it did not raise the issue of whether petitioner Walter H. Larsen was the legal representative of the deceased, and the trial justice did not expressly pass thereon. However, it now contends for the first time on appeal that there is no evidence in proof of such representation and therefore the trial justice's finding that petitioner was in temporary possession of the Dodge is against the evidence and the weight thereof.

Aside from the fact that such contention comes too late to charge the trial justice with error in his consideration of the evidence on the issue tried before him, *Nugent, Atty. Gen., ex rel. Lingard* v. *Harris*, 95 R. I. 137, 184 A.2d 783, *Klowan* v. *Howard*, 83 R. I. 155, it has, in our opinion, no merit. Based on the reasonable intendment of the language of the policy we think the evidence justified the trial justice in finding as he did that the petitioner was in the temporary, lawful possession of the Dodge car at the time of the accidents.

The respondent Shelby's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Leroy V. Marcotte,* for petitioners.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for respondent The Shelby Mutual Insurance Company.

*Higgins & Slattery, Eugene V. Higgins,* for respondent Pennsylvania General Insurance Company.